IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,

    Plaintiff,

    v.

TORRES LIQUOR STORE, et al.,

    Defendants.

CIVIL NO. 04-2292 (RLA)

### ORDER IN THE MATTER OF DISPOSITIVE MOTIONS

Various defendants have moved the court to enter summary judgment and to dismiss the instant complaint. The court having reviewed the arguments presented hereby disposes of the petitions as follows.

### PROCEDURAL BACKGROUND

Plaintiff instituted this suit seeking damages under three (3) separate legal provisions, i.e., the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 and the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

According to the complaint, plaintiff is the producer and the holder of the copyrights and other exclusive worldwide rights of the closed-circuit telecast of the **December 13, 2003** Championship boxing match between Bernard Hopkins and William Joppy, including undercard or preliminary bouts at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Puerto Rico. Plaintiff further alleges that it produced the event for the purpose of distributing for a commercial gain, the closed-circuit

broadcast of the aforementioned match to various business establishments throughout Puerto Rico.

## MOTION FOR SUMMARY JUDGMENT

Various defendants have moved the court to enter summary judgment in their favor contending that plaintiff's copyrights are limited to a videotape of the boxing event which was registered subsequent to the transmission of the fight and hence, no cause of action lies against them in this suit. Defendants, however, raise no arguments for dismissal regarding the claims asserted under 47 U.S.C. §§ 553 and 605 in their summary judgment request.

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am.

**CIVIL NO. 04-2292 (RLA)**                                              **Page 3**

Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994).  A fact is material if it might affect the outcome of a lawsuit under the governing law. Morrissey v. Boston Five Cents Sav. Bank, 54 F. 3d 27, 31 (1st Cir. 1995).

It is undisputed that the copyright registration of the event at issue in this litigation is posterior to the alleged infringements which took place on **December 13, 2003**.[1]

Although, as a general rule, registration is a prerequisite for instituting copyright infringement suits,[2] an exception is provided "when the work in question consists of sounds, images, or both, if and to the extent such works are first fixed simultaneously with their transmission. To redress infringement of such works, an action may be filed not only prior to registration of the work, but prior even to the time the work is first fixed. It is only required that the copyright owner register the work **within three months after its first transmission**". Melville B. Nimmer and Davis Nimmer, 2 *Nimmer on Copyright*, § 7.16[B][3] (emphasis ours) (footnotes omitted). *See also*, 17 U.S.C. § 411(b).

---

[1] According to a Certificate submitted by defendants, on **January 16, 2004**, plaintiff filed a petition for registration of the Video Tape of the Boxing Match with the Copyright Office.

[2] *See*, 17 U.S.C. § 411. However, even in those cases of post-registration plaintiffs have been allowed to recover actual damages and infringer's profits but not statutory damages. X-It Prods., LLC v. Walter Kidde Portable Equip., Inc., 227 F.Supp. 494, 528 (E.D.Va. 2002).

**CIVIL NO. 04-2292 (RLA)**                                                          **Page 4**

Further, statutory damages and attorney fees will be allowed even if the registration is procured subsequent to the transmission. "[T]he requirement of registration to obtain the benefit of attorney's fees and statutory damages is subject to two exceptions. First, as regards infringements of works consisting of sounds, images, or both, first fixed simultaneously with their transmission, there is no such limitation on statutory damages and attorney's fees. 2 *Nimmer on Copyright*, § 7.16[C][1] (footnotes omitted).

### Conclusion

It appearing that the pertinent registration was effected 34 days subsequent to the transmission of the event, it falls within the aforementioned exception. Accordingly, the Motion for Summary Judgment filed by RAMON MORALES-CINTRON and JAVIER MERCADO [Group 24] (docket No. **222**) is **DENIED**.[3]

### MOTION TO DISMISS

A group of defendants have also moved to dismiss the complaint alleging that plaintiff has failed to sufficiently plead claims under 47 U.S.C. §§ 605, 553 and 17 U.S.C. § 101.

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor.

---

[3] *See also*, defendants' Memorandum of Law (docket No. **223**); Informative Motion and Submitting Exhibits (docket No. **225**) and Response (docket No. **230**). Plaintiff's Motion to Strike Exhibit (docket 229) is **DENIED**.

**CIVIL NO. 04-2292 (RLA)**                                                                 **Page 5**

---

Frazier v. Fairhaven Sch. Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. den*. 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

No argument has been presented in the motion to dismiss addressing the adequacy of the § 553 claim so there is no need to discuss this particular provision. Additionally, assuming its relevancy, we have already disposed of the argument that post-registration is fatal to the copyright claim.

As to the claim asserted under § 605, we agree with the arguments set forth by plaintiff in its Response to Motion to Dismiss

**CIVIL NO. 04-2292 (RLA)**                                              **Page 6**

(docket No. 221) that this cause of action was adequately pled. Contrary to what defendants contend, an "aggrieved person" under the statute does not have to be a copyright holder. Rather, it is defined as "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming". § 605(d)(6).

Further, we find that the allegations in the pleading sufficiently adduce that defendants "(1) intercepted or aided the interception of proprietary satellite programming and (2) divulged or published, or aided in the divulging or publishing of, the programming transmitted by the plaintiff" the essential elements of a § 605 claim. DirecTV v. Deskin, 363 F.Supp.2d 254, 258 (D.Conn. 2005). *See also*, California Satellite Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985).

### Conclusion

It appearing that plaintiff has adequately pled the fundamentals of a cause of action under § 605, the Motion to Dismiss (docket No. **220**) is **DENIED**.[4]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 30th day of August, 2006.

                                                  S/Raymond L. Acosta
                                                  RAYMOND L. ACOSTA
                                           United States District Judge

---

[4] *See*, Response to Motion to Dismiss (docket No. **228**).